# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs September 13, 2016

## STATE OF TENNESSEE v. ERICKA ALICIA SMITH

**Appeal from the Criminal Court for Davidson County**
**No. 2014-B-1816     Cheryl A. Blackburn, Judge**

_____

**No. M2016-00286-CCA-R3-CD – Filed September 20, 2016**

_____

Defendant, Ericka Alicia Smith, received a twelve-year sentence to be served on Community Corrections after pleading guilty to attempted aggravated child neglect. After holding a hearing, the trial court determined that Defendant violated the conditions of her alternative sentence and ordered her to serve the remainder of her sentence in confinement. On appeal, Defendant argues that the trial court abused its discretion by refusing to impose another alternative sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Dawn Deaner, District Public Defender; Emma Rae Tennent (on appeal) and J. Michael Engle (at hearing), Assistant Public Defenders, for the appellant, Ericka Alicia Smith.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General, Senior Counsel; Glenn R. Funk, District Attorney General; and Robert Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case arose from the death of Defendant's seven-month-old son. Defendant pled guilty to attempted aggravated child neglect, a Class B felony, as a standard offender. The trial court held a sentencing hearing to determine the length and manner of service of her sentence.

At the sentencing hearing, Defendant presented proof that she was a victim of domestic violence, that she experienced depression, and that she possessed an intellectual disability. An expert in the field of social work recommended that Defendant be placed on Community Corrections to receive mental health treatment. Defendant testified that she completed fifteen corrective programs since the incident in this case. She also acknowledged that she was drinking alcohol almost daily before she was arrested.

The trial court imposed a twelve-year sentence to be served on Community Corrections. Although Defendant was admitted into two different on-site rehabilitative programs, the trial court found that only one program could adequately supervise and treat Defendant. Consequently, Defendant's sentence contained the special conditions that she participate and remain in The Next Door rehabilitation program, that she procure and maintain mental health treatment, and that she have no unsupervised contact with children.

Less than two months later, a violation warrant was issued based on Defendant's discharge from The Next Door for violating program rules by possessing a cell phone and non-prescribed pills. The trial court held a revocation hearing on the violation allegations. Defendant's case manager at The Next Door testified that Defendant was informed of all of the program rules at the beginning of her program. Subsequently, a random search of Defendant's room yielded a cell phone hidden behind clothing in Defendant's closet and two non-prescribed pills on Defendant's bed stand. Possession of these items by Defendant was a violation of the program's rules. Defendant said those items belonged to her roommate. However, another staff member later informed the case manager that Defendant had been observed using a cell phone. The case manager also testified that Defendant missed several of her weekly case management sessions. On one occasion, Defendant arrived for the last ten minutes of a one-hour-long group session, explaining that she was upstairs in her room. When she did attend meetings, Defendant did not say much and usually did not actively participate.

However, the case manager confirmed that Defendant appeared to be attending Alcoholics Anonymous (AA) meetings four times per week. The case manager also confirmed that Defendant secured employment and was working without problems. Defendant was receiving mental health treatment and medication through the program. Prior to being discharged, Defendant was warned repeatedly about her "compliance issues." Once a participant is discharged from The Next Door, the organization's policy generally prohibits readmission.

Defendant testified that she was working full-time at a restaurant while she was at The Next Door. She explained that she was having some trouble adjusting to the program because she "was new to it." Although she was taking an anti-depressant, she felt that her depression was worsening. Defendant was scheduled to visit a psychiatrist,

but she was discharged before the appointment occurred. Defendant testified that she was attending off-site AA programs four times per week.

Defendant admitted that the cell phone found in her room belonged to her. However, Defendant contended that she kept the cell phone "for safety" because she was routinely walking back to The Next Door around 9:00 p.m. after completing her AA meetings. Defendant became afraid for her safety after a female participant was followed by two men while returning to The Next Door. Defendant maintained that the pills found on her bed stand belonged to her roommate.

Once discharged from The Next Door, Defendant informed her Community Corrections officer that she was no longer there. On the same day, Defendant moved to another rehabilitation program called Restoration House. She remained at this program until she was served with the violation warrant. Restoration House indicated that it was willing to readmit Defendant to its program.

After hearing the proof, the trial court found that Defendant violated the terms of Community Corrections and ordered her sentence into effect. Defendant timely filed a notice of appeal to this Court, in which she argues that the trial court abused its discretion by ordering her twelve-year sentence into effect. The State maintains that the trial court's decision was proper and within its discretion.

Community Corrections is a "community based alternative[] to incarceration" available to certain "nonviolent felony offenders." T.C.A. § 40-36-103. A trial court has the discretion to revoke a defendant's Community Corrections sentence upon a finding by a preponderance of the evidence that the defendant has violated the conditions of Community Corrections. *See* T.C.A. § 40-35-311(e)(1); T.C.A. § 40-36-106(e)(4). Proof of a violation need not be established beyond a reasonable doubt but must be sufficient to allow the trial court "to make a conscientious and intelligent judgment." *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). If the trial court determines that a violation has occurred, the court has the authority to revoke the Community Corrections sentence and may "resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration." T.C.A. § 40-36-106(e)(4). The trial court's decision to revoke a Community Corrections sentence is subject to an abuse of discretion standard of review. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation has occurred. *Id.*

Defendant does not dispute that the evidence was sufficient to establish that she violated the terms of her Community Corrections sentence. Indeed, there was ample

evidence to support that finding. Instead, Defendant maintains that she should have received a second chance to comply with the conditions of an alternative sentence. However, Defendant is not entitled to such leniency. *See State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999) ("[A]n accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing."), *perm. app. denied* (Tenn. June 28, 1999). Defendant characterizes her violation as minor, but the evidence demonstrates that this was more than a small, technical violation. Defendant routinely missed important meetings with her case manager. She showed up to group therapy sessions late and did not actively participate. More importantly, Defendant was found in possession of pain medication that was not prescribed for her, and she possessed a cell phone in violation of the program's rules. Although Defendant had other options for rehabilitation programs before and after she began her Community Corrections sentence, the trial court carefully considered what conditions Defendant needed in order for her to be rehabilitated. The trial court determined that The Next Door was the only suitable program for Defendant. When Defendant was discharged from that program, the trial court was not convinced that another alternative sentence was warranted.

Defendant argues that the trial court applied an incorrect and stricter standard during its revocation analysis because it mistakenly believed that Defendant was placed on Community Corrections based on the "special needs" provision provided in Tennessee Code Annotated section 40-36-106(c). However, we disagree with that assertion. The record does not indicate that the trial court applied an improper legal standard. Instead, the record demonstrates that the trial court gave thorough consideration to Defendant's case, and we cannot say that the trial court abused its discretion by ordering the original sentence into effect. Defendant is not entitled to relief.

_____
TIMOTHY L. EASTER, JUDGE